THE UNITED STATES *vs.* CHARLES H. MERRIAM, As Registrar of Conveyances of the Territory of Hawaii.

### December 1, 1905.

*Eminent Domain—Condemnation Proceedings:* Proceedings for the condemnation of real estate in the Territory of Hawaii for the public purposes of the United States, brought in the U. S. District Court of such Territory, shall be prosecuted in accordance with the statutes of such Territory for the condemnation of property for public purposes.

*Same—Same—Registration of Judgment of Condemnation—Writ of Mandamus:* Such statutes requiring a judgment of condemnation in such proceedings to be recorded in the office of the Registrar of Conveyances of the Territory in order that the property condemned may vest in the plaintiff, a refusal by the Registrar to record such judgment is ground for the issuance by the court of a writ of mandamus to compel him to do so.

*Same—Same—Registration of Deed Made and Delivered in Conformity with Judgment of Condemnation—Writ of Mandamus:* The refusal of the Registrar of Conveyances of such Territory to record a deed executed and delivered by certain of the defendants in such proceedings in conformity with the judgment of condemnation therein, is no ground for the issuance of a writ of mandamus by such court.

At Law:   Petition for Writ of Mandamus.

### *Plea to the Jurisdiction.*

J. J. Dunne, Ass't U. S. District Attorney, (Smith & Lewis, of Counsel), for Petitioner.

E. C. Peters, Attorney General of the Territory, for Respondent.

Dole, J.   The petition avers that the plaintiff recently brought condemnation proceedings in this court against J. W. Kawai and others for the purpose of having certain real estate situate in the Territory of Hawaii, alleged to be the property of the said Kawai and others, condemned for public uses, and that upon proceedings in such cause a judgment of condemnation was entered therein whereby certain real estate situate on the Island of Oahu, in said Territory, was condemned to the public use of the United States of America and the title thereto was adjudged to be in the said United States; and that thereafter certain of the defendants, in order to further complete the title of the United States in such real estate, executed and delivered to the United States a deed conveying their right, title and interest therein, and that such deed was properly acknowledged and offered with the certified copy of the said judgment for record to the defendant herein as Registrar of Conveyances; and that the said defendant has refused to receive the said instruments and to record the same.   The petitioner prays for a writ of mandamus commanding the defendant as Registrar of Conveyances of the Territory of Hawaii to receive for record and record the said instruments or to show cause to this court why the same has not been done.

The defendant filed his plea to the jurisdiction, saying: "That it appears from the petition of the United States of "America herein that the said writ so issued is an original "writ, and not necessary or ancillary to the exercise by this "court of its jurisdiction by statute made and provided," and prays for a dismissal of the alternative writ of mandamus.

It appears by the statute of Eminent Domain of this Territory, that upon the determination of a suit for the possession of private property for public purposes in favor of the petitioner "when all payments required by the final judgment have been made, the court shall make a final order of condemnation, which must describe the property condemned and the purposes of such condemnation, a certified copy of which must be filed

and recorded in the office of the registrar of conveyances; and thereupon the property described shall vest in the plaintiff." *Sec. 506, Revised Laws, Hawaii.*

Section 716 of the Revised Statutes of the United States is as follows:

"The Supreme Court and the circuit and district courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

The territorial statute above quoted is, to my mind, conclusive upon the question as to the necessity of registration of a judgment of condemnation under the laws of Eminent Domain, as such registration is clearly, from the words of the statute, a condition precedent for the vesting of the title in the party in whose favor the judgment is rendered. The contention of the defendant that this petition for mandamus is a petition for "an original writ, and not necessary or ancillary to the exercise by this court of its jurisdiction by statute made and provided," is not well taken, for there is no question that the proceedings for condemnation above referred to were within the jurisdiction of this court and as the writ of mandamus prayed for is desired in order to carry out the objects of the original proceedings and to give complete relief, it cannot be regarded as an original writ so far as it relates to such judgment.

"Jurisdiction is defined to be the power to hear and determine the subject-matter in controversy in the suit before the court, and the rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree. Express determination of this court is, that the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. Consequently a writ of error will lie when a party is aggrieved in the foundation, proceedings, judgment, or execution of a

suit in a court of record.    Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.    *    *    *    None of the Circuit Courts in the several States can issue the writ as an exercise of original jurisdiction, any more than this court, but they may issue it whenever it is necessary, agreeably to the principles and usages of law, to the exercise of their proper jurisdiction, and their judgments in such cases may be re-examined in this court, on writ of error, under the twenty-second section of the Judiciary Act." *Riggs v. Johnson County,* 73 U. S. 166, 187, 189; *Rosenbaum v. Bauer,* 120 U. S. 450; *Smith v. Bourbon County,* 127 U. S. 105, 112; *Hughes, Fed. Proc.* (1904), 266, 267, 268.

"Executions, it is admitted, may be issued by the Circuit Court, but the power of such courts to issue the other writs necessary to the exercise of jurisdiction, is equally clear, with the single restriction that the writ, and the mode of process, must be agreeable to the principles and usages of law.    Usages of law, and not of the common law, it will be observed, are the words of the provision, which, doubtless, refers to the principles and usages of law as known and understood in the State courts at the date of that enactment." *Riggs v. Johnson County,* 73 U. S. 166, 190.

The proceedings for the writ conform to the principles and usages of law as existing in the Territory at this time under the Territorial statute of mandamus, the object of the writ being to prevent a denial of justice, and, it being a case where the law has assigned no specific relief by the ordinary means, or if there may be other means of relief, the slowness·of ordinary legal forms is likely to produce such a delay that the public good and the administration of justice will suffer.    The writ is directed to the·Registrar of Conveyances of the Territory of Hawaii, whose duty it is, by law, to record "any deed, lease, mortgage, or other instrument required by law to be recorded or presented for record" (Sec. 2356 Revised Laws, Hawaii).    The laws of

the United States provide for condemnation proceedings whether to procure real estate for the erection of a public building "for the site, erection, construction or prosecution of works for fortifications or coast defenses," or for any other public purpose; and provide that such proceedings shall be "prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted." 25 Stat. L., 357; 26 Id., 316.

In regard to the deed referred to in the petition as having been refused registry by the respondent: this court would be without authority to issue a writ of mandamus to compel the registry thereof if it was an independent transaction without relation to the proceedings of condemnation, inasmuch as in that case such a process would be an original writ of mandamus. With the obvious connection of the deed in this case with the said proceedings, it is still a question in my mind whether a writ of mandamus to compel its registry would not be an original writ, and therefore beyond the power of this court. Mr. Hughes says, in his Federal Procedure, page 266, "The juris- "diction is conferred by reason of the principle that it is neces- "sary as an incident to the main case and in order to carry out "the objects of the main case and give complete relief or to "settle all questions necessarily dependent upon the main case." Is the deed referred to necessary to the main case in order to carry out its objects? I think not. It would appear from the Hawaiian statutes of Eminent Domain that a judgment of condemnation, upon being recorded in the office of the Registrar of Conveyances, vests the property condemned in the plaintiff. This result, so far as the transfer of the title is concerned, is complete, and no further action, conveyance or relief is required.

If this view is correct, a writ of mandamus to require the respondent to record the deed in this case, would be an original writ and therefore beyond the authority of this court.

In view of the foregoing authorities and considerations, the plea to the jurisdiction is allowed as to the deed of conveyance

referred to in the petition and overruled as to the judgment of condemnation, and the defendant may have five days in which to show cause or make further plea.